***NOT FOR PUBLICATION***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DAVID W. TUYTJENS, | : | |
| | : | Civil Action No. 13-7597 (MAS) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**SHIPP, District Judge:**

*Pro se* Petitioner David W. Tuytjens, confined at a Federal Correctional Institution in Elkton, Ohio, files the instant Motion for Reconsideration ("Motion"), ECF No. 14, challenging the Court's February 25, 2015 Order denying his Motion to Vacate, Set Aside or Correct Sentence filed under 28 U.S.C. § 2255 ("Prior Opinion"), ECF No. 12. For the reasons stated below, the Court denies the Motion.

**I.      FACTUAL BACKGROUND**

In 2002, Petitioner was convicted and sentenced to 13 years imprisonment, by the State of New Jersey, for first and second degree sexual offenses against a victim less than 13 years of age. Pet. 12, ECF No. 1; Tr. of Sentencing Proceeding 4, Pet., Ex. B-2, ECF No. 1-1. Because Petitioner was convicted as a sex offender, under a New Jersey law known as Megan's Law, he was subject to a special statutory provision that required him to be under Community Supervision for Life ("CSL"). *Id.*; *see* N.J. Stat. Ann. § 2C:43-6.4. Petitioner was released from custody in 2010, but in 2011, under a routine search of his computer by his parole officer, Petitioner was found to be in possession of child pornography material. Tr. of Sentencing Proceeding 5. Petitioner also

admitted to attempts to conceal his pornographic activities by the use of certain eraser software. *Id.* As possession of pornographic material is a violation of the CSL, Petitioner was indicted by a grand jury for three counts of violations under N.J. Stat. Ann. § 2C:43-6.4(d). Indictment, Pet., Ex. B-3, ECF. No. 1-1. Petitioner pled guilty to the charges and was sentenced to one year imprisonment. Pet. 12.

Upon the completion of his state sentence in 2012, Petitioner was arrested by Respondent and charged with violations of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2), for possession of child pornography. Compl., *United States v. Tuytjens*, No. 12-cr-563 (D.N.J. filed Jun. 27, 2012) ("Crim. Dkt."), ECF No. 1. Again, Petitioner pled guilty to the offenses, Plea Agreement, Crim. Dkt., ECF No. 13, and this Court sentenced him to 120 months imprisonment and 5 years of supervised release, J., Dec. 12, 2012, Crim. Dkt., ECF No. 15. The plea agreement contained a routine waiver provision that stated:

> DAVID W. TUYTJENS knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 28. This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 28. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

Plea Agreement 10-11.

Petitioner then filed his § 2255 motion. In that motion, Petitioner raised four grounds for relief: (1) his federal conviction was unconstitutional in violation of the Double Jeopardy Clause,

2

because it violated the Petite Policy under the United States Attorney's Manual ("USAM") § 9-2.031 ("Policy")[1]; (2) Respondent committed prosecutorial misconduct, because the Policy requires approval before prosecution can be brought, USAM § 9-2.031(E), but the prosecutor in his criminal case did not obtain said approval; (3) selective prosecution; and (4) the waiver provision in his plea agreement is unconstitutional. *See* Pet.'s Br. 4-25, ECF No. 1.

The Court denied relief on all grounds, finding that (1) the Dual Sovereignty doctrine allowed Respondent to prosecute Petitioner despite the existence of a state prosecution for the same conduct; (2) the Policy does not create any enforceable rights, therefore, there could not be prosecutorial misconduct; (3) Petitioner failed to state a valid selective prosecution claim; and (4) waiver provisions similar to that in Petitioner's plea agreement have been repeatedly held to be constitutional by the Third Circuit. Prior Op. 4-8. Petitioner then filed the instant Motion, challenging all four holdings.

## II.    STANDARD OF REVIEW

Petitioner purports to file the instant Motion under Fed. R. Civ. P. 52(b), which allows the Court to "amend its findings—or make additional findings—and . . . amend the judgment accordingly." However, the Motion is more properly brought under Rule 59(e), since Petitioner is challenging the Court's judgement itself. *See Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 158 (3d Cir. 1999) (finding that movant's motion to correct judgment was more appropriately brought under Rule 59(e), not Rule 52(b), because "Rule 52(b) concerns findings and their effects on the judgment rather than errors in the judgment alone").

---

[1]    USAM § 9-2.031 states, in relevant parts, that "[t]his policy precludes the initiation or continuation of a federal prosecution, following a prior state or federal prosecution based on substantially the same act(s) or transaction(s)" unless certain special circumstances are met. USAM § 9-2.031(A).

3

A motion for reconsideration of a final judgment under Rule 59(e) is governed in this District by Local Civil Rule 7.1(i). *Treusch v. Center Square Supermarket, LLC*, No. 11-4874, 2013 WL 1405031, at *3 (D.N.J. Apr. 5, 2013). Rule 7.1(i) requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its initial decision. L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Schumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014); *see also Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014). To prevail under the third prong, the movant must show that "dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *Mitchell v. Twp. of Willingboro Municipality Gov't*, 913 F. Supp. 2d 62, 77-78 (D.N.J. 2012) (quotation and citation omitted). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *Id.* at 78.

### III. DISCUSSION

Petitioner does not contend in the Motion that there has been an intervening change in the controlling law since the Court's Prior Order, nor does Petitioner rely on any new evidence that was not available when the Court rendered the prior judgment. As such, the Court analyzes Petitioner's arguments solely under the third prong described above, the need to correct a clear error of law or fact or to prevent manifest injustice.

#### A. Double Jeopardy

Petitioner contends that the Court failed to consider his argument under *Blockburger v. United States*, 284 U.S. 299 (1932), an 83-year-old Supreme Court case. However, the Court need

4

not have considered that case in the instant matter because it is inapplicable here. *Blockburger* did *not* address the issue of dual sovereignty, but instead enunciated the standard for whether the Double Jeopardy Clause applies when a *single* sovereign, in that case the United States, charges a defendant with two crimes that may potentially punish the same conduct. *Id.* at 181. Since *Blockburger*, the Supreme Court has repeatedly held that the Double Jeopardy Clause does not apply when a defendant is being charged with crimes against the same conduct if the charges originate from *different* sovereigns. *See United States v. Lara*, 541 U.S. 193, 197 (2004); *Heath v. Alabama*, 474 U.S. 82, 88 (1985); *Rinaldi v. United States*, 434 U.S. 22, 29 (1977).

Petitioner urges this Court to consider his argument that "the doctrine of 'Dual Sovereignty' is based on a fundamental misinterpretation of the original intentions of the Founders." Mot. 3. However, this Court is not the final arbiter of the Constitution; that task remains in the sole province of the Supreme Court, and this Court must follow the precedents set by the Supreme Court. *United States v. Wilson*, 413 F.3d 382, 390 (3d Cir. 2005) ("[W]e do not believe that we are the proper forum to overturn a legal directive from the Supreme Court."); *see United States v. Roman*, No. 13-141-05, 2015 WL 224370, at *2 (E.D. Pa. Jan. 14, 2015) ("[T]he Third Circuit has acknowledged that it must follow current precedent, which holds that there is no double jeopardy bar to prosecuting a defendant in federal court for the same conduct for which he was prosecuted in state court.") (citing *Wilson*, 413 F.3d at 389). As such, the Court denies relief on this ground.

### B. Waiver Provision

Petitioner again argues that the waiver provision in his plea agreement is unconstitutional, stating that "Plaintiff strenuously asserts that Courts do not have Constitutional authority to accept a defendant's habeas corpus waiver. The authority to suspend habeas corpus is given specifically

5

to Congress in situations of what amount to national emergency." Mot. 10. In the Motion, Petitioner devotes three pages of text in making his argument, yet Petitioner cites nary a single legal authority for his proposition. As the Court held in its Prior Opinion, "the kind of standard waiver provision in Petitioner's plea agreement has been routinely upheld by this Court and by the Third Circuit. *See* [*United States v.*] *Mabry*, 536 F.3d [231,] 238-39 [(3d Cir. 2008)]; [*United States* v.] *Wilson*, 429 F.3d [455,] 458 [(3d Cir. 2005)]; *Gevers v. U.S.*, No. 12-1541, 2015 WL 337468, at *3-5 (D.N.J. Jan. 23, 2015); *Smith v. U.S.*, No. 10-2769, 2011 WL 2671515, at *4-7 (D.N.J. July 8, 2011)." Prior Op. 8. Petitioner does not cite any contrary authority to dispute the Court's ruling. Indeed, since this Court's Prior Opinion, the Third Circuit again, very recently, upheld the constitutionality of collateral-attack waivers. *United States v. Fazio*, 795 F.3d 421, 452 (3d Cir. 2015). Accordingly, the Court denies relief on this ground.

## C. Prosecutorial Misconduct and Selective Prosecution

The balance of the Motion consists of Petitioner's various disagreements with the Court's rejection of his claims regarding prosecutorial misconduct and selective prosecution. However, as the Court held in the Prior Opinion, the waiver provision of Petitioner's plea agreement precludes him from making those claims in a § 2255 motion. Prior Op. 5-6. Having already found that the waiver provision is constitutional and valid, the Court finds that Petitioner is barred from raising his prosecutorial misconduct and selective prosecution claims in the instant matter, and the Court denies relief on these grounds.[2]

---

[2] The Court also stands by its previous rulings on the merits regarding these claims.


## IV.  CONCLUSION

For the reasons set forth above, Petitioner's Motion is DENIED.

/s/ Mashipp
Michael A. Shipp, U.S.D.J.

Dated: 10/6/15